**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4030**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID LOFTON,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (CR-02-1278)

———————————

Submitted:  September 28, 2005          Decided:  January 5, 2006

———————————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Lofton appeals his conviction and 188-month sentence imposed following his guilty plea to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000). For the reasons discussed below, we affirm.

Lofton's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but raising the following potential issues: (1) whether the district court erred in denying Lofton's pretrial motion for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978); (2) whether the district court erred in denying Lofton's motion to suppress; (3) whether the magistrate judge conducted a thorough colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure; and (4) whether the district court erred in assigning Lofton a base offense level of 34 based on its finding that Lofton possessed the firearm during the commission of a controlled substance offense pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.4(b)(3)(A) (2002). Lofton filed a pro se supplemental brief, raising additional claims.

As to counsel's first issue, under Franks, a defendant is entitled to a hearing to challenge a facially sufficient affidavit only when (1) the defendant makes "allegations of deliberate falsehood or of reckless disregard for the truth" and supports his

allegations with a detailed offer of proof including affidavits and/or sworn statements, and (2) the affidavit without the allegedly false statements is insufficient to show probable cause. Franks, 438 U.S. at 171-72; see also United States v. Colkley, 899 F.2d 297, 300-03 (4th Cir. 1990) (discussing scope of Franks). Specifically, the defendant must make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." Franks, 438 U.S. at 155-56. Based on our review of the record, we find that Lofton failed to make such a showing and therefore uphold the district court's denial of his motion for an evidentiary hearing under Franks.

Counsel next questions whether the district court erred in denying Lofton's motion to suppress. We review the legal conclusions underlying the denial of a motion to suppress de novo and review factual findings for clear error. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). Reviewing the evidence in the light most favorable to the Government, see United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998), we find no error in the district court's denial of the motion. Our review of the record reveals that the district court correctly upheld the officers' entry into Lofton's residence and found that the firearms were properly seized pursuant to the plain view doctrine.

Counsel's third issue questions whether the magistrate judge conducted a thorough Rule 11 colloquy. A plea is presumed to be final and binding if the Rule 11 hearing is adequate. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). We have thoroughly reviewed the transcript of Lofton's plea hearing and conclude that the magistrate judge conducted a thorough Rule 11 colloquy in accordance with the mandates of the rule. Accordingly, Lofton cannot show that his plea was unknowing or involuntary.

Before turning to counsel's remaining sentencing issue, we will consider the larger issue of whether Lofton's sentence was imposed in violation of United States v. Booker, 125 S. Ct. 738 (2005). We have reviewed Lofton's sentence for plain error in light of Booker, and find that any error in the district court's designation of Lofton as a career offender, its imposition of a four-level enhancement pursuant to USSG § 2K2.1(b)(5),[*] or its treatment of the guidelines as mandatory did not affect Lofton's substantial rights. See United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir. 2005) (holding that the armed career criminal designation based on prior convictions does not violate Booker); United States v. White, 405 F.3d 208, 225 (4th Cir. 2005) (requiring an appellant to demonstrate actual prejudice from the

_____

[*]We find that this enhancement did not impact the total offense level because the district court found Lofton to be a career offender. See United States v. Collins, 412 F.3d 515, 523-24 (4th Cir. 2005).

application of the mandatory guideline scheme on plain error review).

As for the remaining Anders issue, counsel argues that the district court erred in ruling that Lofton possessed the firearms in connection with a controlled substance offense pursuant to USSG § 4B1.4(b)(3)(A). This finding subjected Lofton to an offense level of 34, rather than an offense level of 33. See USSG § 4B1.4(b)(3). Although counsel does not raise this issue in the Booker context, we note that this finding was based on facts that were not admitted by Lofton nor proved to a jury beyond a reasonable doubt. We discern no error under Booker, however. Absent the one-level increase for possessing the firearms in connection with a controlled substance offense, Lofton's maximum offense level, based on facts to which he admitted, would have been 33. An offense level of 33 with a criminal history category of VI results in a guideline range of 235-293 months. Because Lofton's 188-month sentence does not exceed the maximum sentence authorized by the facts he admitted, we find there was no Sixth Amendment violation. See United States v. Evans, 416 F.3d 298 (4th Cir. 2005).

In accordance with the requirements of Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We have also reviewed the issues raised in Lofton's pro se supplemental brief and find them without

merit.  Accordingly, we affirm Lofton's conviction and sentence. We deny Lofton's "Motion to Correct Error of Factual and Actual Innocence."  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>